UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Charles Malnarick | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Allied Interstate, LLC; Collecto, Inc. d/b/a EOS | ) | Case No. 13-cv-6879 |
| CCA; National Enterprise Systems, Inc.; Creditors | ) | |
| Collection Service, Inc.; CallerId4u d/b/a Road to | ) | |
| Recovery; Franklin Collection Service, Inc.; | ) | |
| I.C. System, Inc. | ) | |
| | ) | |
|       Defendants. | ) | |

**Verified Complaint Filed by the Debtor Arising out of Violation of the Fair Debt Collection and Practices Act provided for by Section 1692 of Title 15 of the United States Code and Violations of the Telephone Consumer Protection Act provided for by 47 USC §227**

**NOW COMES** the above-named Plaintiff, individual consumer, by and through his attorney of record, and respectfully brings before the Court an action for actual and statutory damages against Defendants, Allied Interstate, LLC; Collecto, Inc. d/b/a EOS CCA, National Enterprise Systems, Inc.; Creditors Collection Service, Inc.; CallerId4u d/b/a Road to Recovery; Franklin Collection Service, Inc.; I.C. System, Inc. of violation of the Fair Debt Collection and Practices Act provided for by Section 1692 of Title 15 of the United States Code and Violations of the Telephone Consumer Protection Act provided for by 47 USC §227.

## I. JURISDICTION

1. Venue in this District is proper because the Plaintiff resides here and the Defendants transact business here and the conduct complained of occurred here.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. This action arises out of Defendants repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227 *et seq.* and out of the invasions of Plaintiff's personal privacy by Defendant and their agents in their illegal efforts to collect a consumer debt.

## II. PARTIES

4. Plaintiff, Charles Malnarick, is a natural person residing in the City of Chicago, County of Cook, and State of Illinois.

5. Defendant, Allied Interstate, LLC is an Ohio corporation authorized to do business in Illinois. Defendant is engaged in the business of collecting delinquent and defaulted accounts in this state with its principal place of business located at 3000 Corporate Exchange Dr. #F1 5, Columbus, OH 43231. The principal purpose of Defendant is the collection of delinquent and defaulted accounts.

6. Defendant, Collecto, Inc. d/b/a EOS CCA is a Massachusetts corporation authorized to do business in Illinois. Defendant is engaged in the business of collecting delinquent and defaulted accounts in this state with its principal place of business located at 700 Lone Water Dr., Norwell, MA 02061. The principal purpose of Defendant is the collection of delinquent and defaulted accounts.

7. Defendant, National Enterprise Systems, Inc. is an Ohio corporation authorized to do business in Illinois. Defendant is engaged in the business of collecting delinquent and defaulted accounts in this state with its principal place of business located at 29125 Solon Rd., Solon, OH 44139. The principal purpose of Defendant is the collection of delinquent and defaulted accounts.

8. Defendant, Creditors Collection Service, Inc. is an Oregon corporation authorized to do business in Illinois. Defendant is engaged in the business of collecting delinquent and defaulted accounts in this state with its principal place of business located at 3294 Pacific Place SW, Albany, OR 97321. The principal purpose of Defendant is the collection of delinquent and defaulted accounts.

9. Defendant, CallerId4u d/b/a Road to Recovery is a Delaware corporation authorized to do business in Illinois. Defendant is engaged in the business of telemarketing in this state with its principal place of business located at 2201 E.

Willow St., D-349, Signal Hill, CA 90755. The principal purpose of Defendant is the collection of delinquent and defaulted accounts.

10. Defendant, Franklin Collection Service, Inc. is a Mississippi corporation authorized to do business in Illinois. Defendant is engaged in the business of collecting delinquent and defaulted accounts in this state with its principal place of business located at 2978 W. Jackson St., Tupelo, MS 38801. The principal purpose of Defendant is the collection of delinquent and defaulted accounts.

11. Defendant, I.C. System, Inc. is a Minnesota corporation authorized to do business in Illinois. Defendant is engaged in the business of collecting delinquent and defaulted accounts in this state with its principal place of business located at 444 Hwy 96 E, Vadnais Heights, MN 55127. The principal purpose of Defendant is the collection of delinquent and defaulted accounts.

12. Defendants, Allied Interstate, LLC; Collecto, Inc. d/b/a EOS CCA, National Enterprise Systems, Inc.; Creditors Collection Service, Inc.; CallerId4u d/b/a Road to Recovery; Franklin Collection Service, Inc.; I.C. System, Inc. are engaged in the collection of debts from consumers using the telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and as defined by the Illinois Collection Agency Act, 225 ILCS 425/2.

### III. ALLEGATIONS IN SUPPORT OF THE VIOLATIONS

13. Allied Interstate made a phone call from number 877-482-3965 to Plaintiff on January 21, 2012 at 4:40 pm in an attempt to collect a debt belonging to Willamina Guerro.

14. Collecto, Inc. d/b/a EOS CCA made multiple phone calls from number 877-384-0290 to Plaintiff from June through July 2012 in an attempt to collect a debt belonging to Willamina Guerro.

15. National Enterprise Systems, Inc. made multiple phone calls from number 440-519-6721 to Plaintiff from August 2012 through August 2013 in an attempt to collect a debt belonging to Willamina Guerro.

16. Creditors Collection Service, Inc made a phone call from number 877-920-9000 to Plaintiff on August 17, 2012 at 7:40 pm and made a phone call from number 888-497-6834 to Plaintiff on December 17, 2012 at 3:48 pm, in an attempt to collect a debt belonging to Willamina Guerro.

17. CallerId4u d/b/a Road to Recovery made a phone call from number 253-236-2343 to Plaintiff on March 8, 2013 at 12:01 pm in an attempt to collect a debt belonging to Willamina Guerro.

18. Franklin Collection Service, Inc. made a phone call from number 866-779-8954 to Plaintiff on April 21, 2013 at 2:05 pm and made a phone call from number 866-487-6482 on April 6, 2013 at 1:00 pm, in an attempt to collect a debt belonging to Willamina Guerro.

19. I.C. System, Inc. made a phone call from number 404-400-1244 to Plaintiff on August 9, 2013 at 10:00 am and made a phone call from number 605-496-0704 on August 9, 2013 at 1:16 pm, in an attempt to collect a debt belonging to Willamina Guerro.

20. Plaintiff advised the collection agencies that the person they are attempting to collect from is not him and requested they discontinue calling him.

21. Each time the Plaintiff makes the above request to discontinue calling, the collectors become angry, yell at the Plaintiff, accuse him of lying and state that they know she is there.

22. The statements made by the collectors are false and inaccurate.

## IV. CLAIM FOR RELIEF – TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. Section 227 et seq.

23. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

24. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendants Allied Interstate, LLC; Collecto, Inc. d/b/a EOS CCA, National Enterprise Systems, Inc.; Creditors Collection Service, Inc.; CallerId4u d/b/a Road to Recovery; Franklin Collection Service, Inc.; I.C.

25. System, Inc. at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

25. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

26. Defendant, Allied Interstate, LLC willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

27. Defendant, Collecto, Inc. d/b/a EOS CCA willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

28. Defendant, National Enterprise Systems, Inc. willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

29. Defendant, Creditors Collection Service, Inc. willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

30. Defendant, CallerId4u d/b/a Road to Recovery willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

31. Defendant, Franklin Collection Service, Inc. knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

32. Defendant, I.C. System, Inc. willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

33. Plaintiff is entitled to injunctive relief prohibiting Allied Interstate, LLC; Collecto, Inc. d/b/a EOS CCA, National Enterprise Systems, Inc.; Creditors Collection Service, Inc.; CallerId4u d/b/a Road to Recovery; Franklin Collection Service, Inc.; I.C. System, Inc. from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

### V. CLAIM FOR RELIEF – FDCPA

34. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

35. Defendants violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. 15 U.S.C. § 1692b(2), Contact of Third Party: Stated that the consumer owes any debt;
   b. 15 U.S.C. § 1692b(3), Contact of Third Party: Contacted a person more than once, unless requested to do so;
   c. 15 U.S.C. § 1692c(b), credit bureau concerning the debt;
   d. 15 U.S.C. § 1692d, Any conduct the natural consequence of which is to harass, oppress, or abuse any person;
   e. 15 U.S.C. § 1692d(2) Profane language or other abusive language;
   f. 15 U.S.C. § 1692d(5), Caused the phone to ring or engaged any person in telephone conversations repeatedly;
   g. 15 U.S.C. § 1692e, Any other false, deceptive, or misleading representation or means in connection with the debt collection; and
   h. 15 U.S.C. § 1692f, Any unfair or unconscionable means to collect or attempt to collect the alleged debt.

36. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants Allied Interstate, LLC; Collecto, Inc. d/b/a EOS CCA, National Enterprise Systems, Inc.; Creditors Collection Service, Inc.; CallerId4u d/b/a Road to Recovery; Franklin Collection Service, Inc.; I.C. System, Inc. for the following:

A. That this Court order the Defendants Allied Interstate, LLC; Collecto, Inc. d/b/a EOS CCA, National Enterprise Systems, Inc.; Creditors Collection Service, Inc.; CallerId4u d/b/a Road to Recovery; Franklin Collection Service, Inc.; I.C. System, Inc. to pay all legal fees and expenses incurred by counsel for the Plaintiff, said fees to be calculated at the rate of $350.00 per hour, but in no event to be less than $3,500.00;

B. That this Court order the Defendants Allied Interstate, LLC; Collecto, Inc. d/b/a EOS CCA, National Enterprise Systems, Inc.; Creditors Collection Service, Inc.; CallerId4u d/b/a Road to Recovery; Franklin Collection Service, Inc.; I.C. System, Inc. to pay additional actual damages and statutory damages of $1,000.00 to Plaintiff for violating

the FDCPA pursuant to 15 U.S.C. Section 1692k in the form of additional punitive damages;

C. That this Court enter an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendants Allied Interstate, LLC; Collecto, Inc. d/b/a EOS CCA, National Enterprise Systems, Inc.; Creditors Collection Service, Inc.; CallerId4u d/b/a Road to Recovery; Franklin Collection Service, Inc.; I.C. System, Inc. and for Plaintiff;

D. That this Court enter an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendants Allied Interstate, LLC; Collecto, Inc. d/b/a EOS CCA, National Enterprise Systems, Inc.; Creditors Collection Service, Inc.; CallerId4u d/b/a Road to Recovery; Franklin Collection Service, Inc.; I.C. System, Inc. and for Plaintiff;

E. That this Court enter an injunction prohibiting Defendants Allied Interstate, LLC; Collecto, Inc. d/b/a EOS CCA, National Enterprise Systems, Inc.; Creditors Collection Service, Inc.; CallerId4u d/b/a Road to Recovery; Franklin Collection Service, Inc.; I.C. System, Inc. from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

F. Any other or further relief this court deems just.

## JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted,

/S/Thomas W. Toolis

6270743
Thomas W. Toolis
Attorney for Plaintiff
Jahnke Sullivan & Toolis, LLC
10075 W. Lincoln Highway
Frankfort, IL 60423
708-349-9333

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS      )
                       ) ss
COUNTY OF COOK         )

Pursuant to 28 U.S.C. § 1746, Plaintiff Charles Malnarick, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____9____ __20__, __2013__
              Month      Day     Year

_Charles Malnarick_
Signature